# VIVIENNE MAY COAN

*v.*

# JOSÉ A. LOPEZ ANTONGIORGI.

---

San Juan, Law, No. 1218.

ON MOTION TO DISMISS AT END OF PLAINTIFF'S CASE.

Negligence—Jury.

    1. Where a competent physician testifies that the hair of a patient fell out from an improper application of the X-ray treatment, it cannot be said that there is no evidence of negligence to go to the jury.

Domicil—Jurisdiction.

    2. Under the Jones Act of March 2, 1917, the question of jurisdiction of the Federal court for Porto Rico rests not on diversity of citizenship, so far as Americans are concerned, but upon diversity of domicil. A person from the states living in Porto Rico without the intention to remain retains his continental domicil,

and can bring a suit in the Federal court. This, however, is a question of fact for the jury.

Opinion filed June 18, 1918.

*Mr. Frank Antonsanti* for plaintiff.

*Mr. Hugh R. Francis* for defendant.

HAMILTON, Judge, delivered the following opinion:

A motion is made to dismiss the case on two grounds. First, that no negligence has been shown; that it is a case of post hoc, ergo propter hoc. I would not undertake to pass on whether negligence has been shown or not. I think that negligence is a question which should generally be left to the jury, if there is anything at all for the jury to go on. In this case we have the application of the X-ray. We have the material falling out of the hair of the plaintiff. We have the deposition of what seems to be a competent physician in New York that the falling out was due to the application of the X-ray. It seems to me that is enough to go to the jury. I would not say that negligence has been shown. That would be usurping the function of the jury. I think the jury ought to pass on it.

The second point that has given me more trouble is the diversity of citizenship. I am not sure that expressing it that way is quite correct. The jurisdiction of this court, under the recent act, rests rather upon domicil than the question of citizenship, and domicil is made up of two things. It is made up of residence and intention to remain. Bouvier does not give

### Coan v. Antongiorgi.

a definition of the word "permanent," but says that it does not always embrace the idea of absolute perpetuity or lasting forever, citing Texas & P. R. Co. v. Marshall, 136 U. S. 393, 34 L. ed. 385, 10 Sup. Ct. Rep. 846. Permanent abode is a domicil, a home, which a party is at liberty to leave, as interest or whim may dictate, but without any present intention of changing it. Now, does or does not the residence of the plaintiffs in this case come within that definition? This is their home; at least, the parties are here. There is nothing shown that they are not at liberty to change it when their interests or whims may dictate. And the testimony of the witnesses is that they have had, and the facts which they testified to indicate that they have had, for some time, a present intention of changing it. Whether the jury will believe that, of course, is a matter for the jury. And there is this. The testimony seems to show that their domicil was originally New York, and the rule of law is that domicil remains until it is proved to be changed. Is there any proof of change? Their coming here does not necessarily change it. What is relied upon is the application for a passport in which one plaintiff at least said that this was his permanent residence.

In the first place, it seems to me it should be left to the jury to decide, upon all the facts of the case, what is the permanent residence, if the permanent residence is the test. The witness has said one thing at one time, putting the worst construction on it, and is now stating facts showing another thing at another time. That may be a contradiction, but both facts or sets of facts are in evidence. I do not think I could pick out one and say, I will decide on that, and keep the other from the jury. But apart from this the word "permanent," accord-

ing to the Century Dictionary, means lasting or intended to last indefinitely; fixed or enduring in character, condition, state, position, occupation, use, or the like; remaining or intended to remain unchanged or unremoved; not temporary or subject to change; abiding; as a permanent building; permanent position. The leading definition, then, is lasting or intended to last indefinitely. It seems to me that there might be a very proper sense in which a man might make an application for a passport, giving as his permanent residence San Juan or any other place, meaning thereby that it was intended to last indefinitely, and yet not amount to domicil. I shall hold that way. I am not taking into account the fact that I took out a passport of the same sort myself. I do not think that is influencing me, but it shows what I thought two years ago, and the argument has not convinced me that I was wrong. Furthermore, I think that the matter is res judicata in this court. There is a case of Molina, Trustee, against somebody, in which the question was quite elaborately argued, and it seemed that that was a stronger case than the present one. Mr. Molina, a practising attorney here, had been here indefinitely, and one would suppose, just off hand, that he was as much a citizen of Porto Rico as anybody else; but the evidence showed that he intended to go back to New York city or Brooklyn, and always so intended, and the court decided that he was not domiciled in Porto Rico and could bring the suit. It seems to me that is conclusive in this particular instance. The motion is overruled.